IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 15-mj-01100-MEH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**MELANIE PALUMBO,**

    Defendant.

---

## MOTION FOR VARIANCE

---

Defendant, Melanie Palumbo, by counsel, pursuant to 18 U.S.C. § 3553(a), moves for a sentencing variance, to two (2) years probation, as follows:

## INTRODUCTION

Ms. Palumbo pled guilty to one count of Submission of a Fraudulent Tax Return in violation of 26 U.S.C. § 7207, which carries a maximum sentence of not more than 1 year imprisonment and $10,000 fine.  The Presentence Report recommends a variant sentence to five (5) years probation.  A sentence of two (2) years probation is sufficient but not greater than necessary punishment considering her substantial assistance to the government, her history and characteristics, and similarly situated defendants.[1]

## LEGAL ANALYSIS

This Court is sufficiently informed of the advisory nature of the United States Sentencing Guidelines under current case law, and the fact that Appellate Courts review

---

[1] The AUSA has advised that she intends to file a Motion for Variance under USSG § 5K1.1.

sentences for reasonableness.  *See* 18 U.S.C. § 3553, *Kimbrough v. United States,* 552 U.S. 85-90-91 (2007) and *Gall v. United States,* 552 U.S. 38, 46 (2007).  It is informed of the method for determining the sentencing guidelines and considering the § 3553 factors.  It is informed of the § 3582 limitation that it is required to recognize that imprisonment is *not* an appropriate means of promoting correction and rehabilitation.  *See* 18 U.S.C. § 3582.  And it is informed that no limitation should be placed on the information concerning the background, character, and conduct of a defendant which a court may receive and consider for the purpose of imposing a sentence.  *See* 18 U.S.C. § 3661.  For these reasons, further legal analysis is not helpful.

## JUSTIFICATION FOR VARIANCE

### Disparate Sentences Engender Disrespect for the Law:

In Defendant's Responses to Resentence Report [Doc. No. 27], Counsel set out the sentences of the individuals charged in the companion case, *United States v. Caraveo,* District Court Case No.15-cr-00149-RM.  The best evidence for comparing whether a two year sentence to probation is acceptable, versus a five year sentence, is found in a comparison of Ms. Palumbo with Sabrina Caraveo.

Ms. Caraveo was involved in the scheme to defraud for six (6) years, from 2008 through 2014.  Ms. Palumbo was involved for one year, from 2008 to 2009.  Ms. Caraveo's intended loss is $597,735.  Ms. Palumbo's intended loss is $15,480.  Ms. Caraveo owes $339,013.81 in restitution.  Ms. Palumbo, along with Ms. Caraveo, owes $13,541.49 in restitution.

Ms. Caraveo was sentenced to 9 months imprisonment and three (3) years of supervised release.  She will have served her entire sentence before Ms. Palumbo's

- 3 -

term of probation is completed, if this Court orders a five (5) year sentence to Probation. A five (5) year term of Probation is unduly severe and would do nothing except engender disrespect for the law.

**History and Characteristics of the Defendant:**

As noted by Probation, Ms. Palumbo suffers from depression, takes medication for this ailment, and has done this without outside intervention in the form of treatment. She is a recovering drug addict who, despite her past drug use, is sober today. *See* PSI at R-5, p. 28. She is working and maintains a stable environment for her young son.

**Need to Provide Just Punishment:**

As in the case of a sentence to supervised release, the Sentencing Guidelines have not given any weight to the substantial restriction of freedom by a term of probation. *See Gall v. United States,* 552 U.S. 38, 48 (2007). A two year sentence to probation is adequate restriction of her freedom, taking into account the need to provide just punishment.

**Deterrence and Protection of the Public from Further Crimes:**

The last time Ms. Palumbo was in trouble with the law was in August of 2010 when her probation was revoked. *See* PSI at ¶ 46. Since then, she has changed her life, settled down, and become a useful member of society. As noted by Probation, she "does not present a danger to the community and it is believed her propensity to recidivate is minimal." *See* PSI at R-6, p. 29.

- 4 -

## **CONCLUSION**

For the above-stated reasons, Ms. Palumbo, respectfully requests a sentence of two (2) years probation.

DATED this 20th day of July, 2016.

Respectfully submitted

s/ Paula M. Ray
Paula M. Ray, P.C.
P.O. Box 12554
Denver, CO  80212-0554
Telephone:  303-874-5170
Email:  paulamray@earthlink.net

- 5 -

CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of July, 2015, I served a copy of the foregoing via CM/ECF on all interested parties.

s/  Paula M. Ray<br>
Law Office of Paula M. Ray

- 5 -